UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 08-60688-CIV-JORDAN

| | |
|---|---|
| PHLD PARTNERSHIP | ) |
|     Plaintiff | ) |
| vs. | ) |
| ARCH SPECIALTY INSURANCE COMPANY | ) |
|     Defendant | ) |

**ORDER GRANTING MOTION TO REMAND AND CLOSING CASE**

PHLD filed this class action in state court, alleging that the insurance policies issued by Arch contained a separate hurricane deductible and co-insurance penalty without the notice required under Florida law. The alleged class consists of (1) all Arch insureds who have submitted claims for hurricane damages where Arch has used a separate hurricane deductible and (2) all Arch insureds who submitted claims for property losses and had claim payments reduced by a co-insurance penalty. On May 8, 2008, Arch removed the class action to this court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub.L. No. 109-2, 119 Stat. 4 (codified in 28 U.S.C. §§ 1332(d), 1453(b), et. seq.) Pending is PHLD's motion to remand, in which PHLD argues that Arch has failed to establish that this action falls within CAFA's grant of original jurisdiction. For the reasons stated below, PHLD's motion [D.E. 5] is GRANTED, and this case is remanded to state court.

**I. BACKGROUND**

In support of removal, Arch filed the affidavit of its vice-president of property claims, Jeffry J. Smrek. In his two-page affidavit, Mr. Smrek states that Arch insures commercial properties in the State of Florida and that Arch's records show that "the aggregate dollar amount of separate wind/hail deductible and co-insurance penalty that have been assessed against policies issued by Arch in the State of Florida exceeds the sum value of $5,000,000.00." *See* Smrek Affidavit at ¶¶ 6-7. Mr. Arch does not make any statement in his affidavit as to the number of potential members in the alleged purported class.

## II. STANDARD

In determining whether removal under CAFA is appropriate, a court is generally limited to the "universe of evidence available when the motion to remand is filed - i.e., the notice of removal and accompanying documents." *See Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1212-125 (11th Cir. 2007). "If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Id.*

A party seeking to remove under CAFA has the burden to establish by a preponderance of the evidence that CAFA's jurisdictional requirements are satisfied. *See Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328 (11th Cir. 2006). But once CAFA's jurisdictional requirements are satisfied, the burden shifts to the party opposing removal to establish that one of the exceptions to CAFA applies. *See Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1164 (11th Cir. 2006).

## III. ANALYSIS

I agree with PHLD that Arch has failed to establish that this case is removable under CAFA.

Congress enacted CAFA "to address inequitable state court treatment of class actions and to put an end to certain abusive practices by plaintiff's class counsel." *See Lowery,* 483 F.3d at1193. To this end, CAFA expanded diversity jurisdiction over class actions with interstate implications. *Id.* The new grant of federal diversity jurisdiction was primarily codified in § 1332(d). Subject to a number of exceptions intended to exclude purely local class actions, § 1332(d) provides federal courts with original jurisdiction over any class action where "the number of plaintiffs in all proposed plaintiff classes exceeds one hundred, § 1332(d)(5)(b); any member of the plaintiff class is diverse from any defendant, § 1332(d)(2); and the aggregate of the claims of individual class members exceeds $5,000,000, exclusive of interests and costs." *See Lowery,* 483 F.3d at 1194.[1]

---

[1] Circuit courts are in disagreement as to whether the requirement that a class has an aggregate of more than 100 members is part of CAFA's jurisdictional requirements or is one of CAFA's exceptions. *Compare Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020 (9th Cir. 2007) ("As a threshold matter, CAFA applies to 'class action' lawsuits where the aggregate number of members of all proposed plaintiff classes in 100 or more persons.") *with Frazier v. Pioneer Americas, LLC*, 455 F.3d 542, 546 (5th Cir. 2006) (treating the 100 or more member requirement as an exception). This is more than a formalistic dispute, as the removing party has the burden to establish jurisdictional requirements, and the party seeking remand has the burden to prove exceptions. *See*

Here, Arch has not even attempted to show that this class action involves more than 100 members. Mr. Smrek conclusorily states that the challenged deductibles and co-insurance penalties are in excess of $5,000,000. But this statement falls far short of satisfying PHLD's jurisdictional burden. Indeed, Mr. Smrek's statement does not even support an inference that there are more than 100 members in the class, particularly because this case involves commercial policies which generally carry higher deductibles than personal policies. In any event, Arch needs more than speculative inferences to satisfy its burden. *See Lowery,* 483 F.2d at 1215 (*citing Lindsey v. Ala. Tel. Co.*, 576 F.2d 593, 595 (5th Cir. 1978), for the proposition that court cannot speculate as to the number of members in an alleged class action). *See also Miedema*, 450 F.3d at 1328 (requiring proof of basic CAFA requirements by a preponderance of the evidence).

At a minimum, Arch could have identified the number of filed claims that fall within the class definition in the complaint, or the number of policies potentially at issue in this case. But it did not do so, and this failure its fatal to its attempt to remove under CAFA.

### IV. CONCLUSION

Accordingly, the motion to remand is granted. The Clerk is directed to mail a certified copy of this order and the file to the Clerk of the Seventeenth Judicial Circuit Court in and for Broward County, Florida. *See* 28 U.S.C § 1447(c).

This case is closed.[2]

DONE and ORDERED in chambers in Miami, Florida, this 2nd day of July, 2008.

_____
Adalberto Jordan
United States District Judge

Copy to:    All counsel of record

---

*Miedema*, 450 F.3d at 1328; *Evans*, 449 F.3d at 1164. But the Eleventh Circuit has ruled that the 100 or more member requirement is jurisdictional. *See Lowery,* 483 F.3d at 1194. *See also Miedema*, 450 F.3d at 1327 n.4 (CAFA's grant of jurisdiction "does not apply to a class action in which 'the number of members of all proposed plaintiffs classes in the aggregate is less than 100'").

[2]Arch's pending motion to dismiss is left for the state court to resolve.